OPINION
{¶ 1} Defendant-appellant Scott A. Forman ("Forman") brings this appeal from the judgment of the Court of Common Pleas of Marion County, Domestic Relations Division granting the motion of plaintiff-appellee Evelyn D. Forman, nka Ratliff ("Ratliff") for relief from judgment.
 {¶ 2} Forman and Ratliff were married on July 7, 1984, and were granted a divorce on January 16, 2003. On January 14, 2004, Ratliff filed a Rule 60(B) motion for relief from judgment asking the trial court to add the terms "reservation of judgment" due to potential legislative changes that may occur with the pension plan in which Forman participates. An evidentiary hearing was held on the matter on February 8, 2005. The trial court granted Ratliff's motion on March 25, 2005. Forman appeals from this judgment and makes the following assignments of error.
The trial court erred to the prejudice of [Forman] by granting[Ratliff's] 60(B) motion [which] was not timely filed.
 The trial court erred to the prejudice of [Forman] by granting[Ratliff's] motion because the terms of the divorce decree werenot ambiguous.
 The trial court erred to the prejudice of [Forman] by granting[Ratliff's] motion because the court lacked jurisdiction tomodify the division of property.
 The trial court erred to the prejudice of [Forman] by granting[Ratliff's] motion because the resulting property division wasinequitable.
 {¶ 3} A review of the record reveals that no division of property order has been entered to date.
A review of the case law reveals the general consensus that ajudgment apportioning pension benefits between ex-spouses is nota final and appealable order until such time as the QDRO isentered. * * * The bottom line is that there is more to be donein the trial court, that being the issuance of a QDRO made incompliance with federal law. Consequently, until the QDRO isissued, the judgment of the trial court cannot be consideredfinal and appealable because it cannot be said to yet affect asubstantial right.
 Scott v. Scott, 3rd Dist. No. 1-99-79, 2000-Ohio-1636, ¶ 8. Without the submission to and approval by the judge of a division of property order, the order is not final. Thus, the Civ.R. 60 motion was premature as is this appeal from the granting of that motion. This court is without jurisdiction to do other than dismiss the appeal. Id. at ¶ 11.
 {¶ 4} The appeal is hereby dismissed, and the cause remanded to the trial court for determination and disposition of the issues outstanding in this case.
Appeal dismissed.
 Cupp, P.J., and Shaw, J., concur.