[Cite as *Murphy-Kesling v. Kesling*, 2014-Ohio-1816.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DEBRA J. MURPHY-KESLING

     Appellant

     v.

GERALD M. KESLING

     Appellee

C.A. No.     26957
             26962


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2001-05-01866

DECISION AND JOURNAL ENTRY

Dated: April 30, 2014

---

HENSAL, Presiding Judge.

{¶1} Debra Murphy-Kesling appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division that granted Gerald Kesling's motion for division of property order. For the following reasons, this Court affirms.

I.

{¶2} As this Court explained in *Murphy-Kesling v. Kesling*, 9th Dist. Summit No. 24176, 2009-Ohio-2560, the Keslings married in 1983 and had two children together. They divorced in 2002. Throughout their marriage, Wife worked as a public school teacher and contributed to the State Teachers' Retirement System (STRS). At the time of the divorce, Husband's income was solely from Social Security Disability and Veteran's Administration Disability. The parties agreed that Husband should receive part of Wife's STRS pension. In its decree, the court directed them to "employ Pension Evaluators to determine the marital portion [of Wife's STRS account] and to determine the value of a Social Security offset for [Husband's]

right to receive Social Security benefits. The marital portion of said account less said Social Security offset will then be divided equally between the parties." Neither party appealed the decree nor the division of property order that the court subsequently issued.

{¶3} In 2007, Wife began receiving disability benefits from STRS. Based on the language of the division of property order, STRS paid some of her benefits to Husband. Wife moved to modify the order, arguing that Husband was only entitled to receive a share of her retirement benefits, not pre-retirement disability benefits. The trial court denied her motion and this Court affirmed, concluding that neither the decree nor the division of property order excluded Husband from receiving Wife's STRS disability benefits. *Kesling* at ¶ 20.

{¶4} Wife later returned to work, and she continued working until she retired in February 2013. After she retired, STRS did not pay any of her benefits to Husband because the division of property order directed it to distribute only the "first" benefit payment she received to him, which it had already done. Husband, therefore, moved for a new division of property order so that he could share in her retirement benefits. Following a hearing, the trial court granted his motion and entered a new division of property order. Wife has appealed, assigning as error that the court incorrectly granted his motion.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ENTERING A NEW DIVISION OF PROPERTY ORDER WHERE THE EXISTING DIVISION OF PROPERTY ORDER HAD BEEN DETERMINED IN A FINAL PROCEEDING TO CORRECTLY ALLOCATE HUSBAND'S INTERESTS IN WIFE'S PENSION PLAN.

{¶5} Wife notes that, in her previous appeal, this Court determined that some of her arguments were barred because she had not timely appealed the decree or original division of

property order. *Kesling*, 2009-Ohio-2560 at ¶ 18. She argues that the trial court should have denied Husband's motion for the same reason. According to Wife, since Husband did not appeal the original division of property order, he is barred from arguing that he is entitled to anything other than the "first benefit" that she received from STRS.

{¶6} A qualified domestic relations order "creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a [retirement] plan." *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, ¶ 6, quoting 29 U.S.C. 1056(d)(3)(B)(i)(I). When the retirement plan at issue is a public retirement plan, such orders are referred to as "division of property orders" because they must comply with additional statutory requirements. *See Romans v. Romans*, 9th Dist. Summit No. 23181, 2006-Ohio-6554, ¶ 13 ("A [division of property order] permits a pension plan to make direct payment of benefits to an alternate payee, such as a former spouse."); R.C. 3105.80 et seq. (detailing the requirements for a division of property order).

{¶7} In *Wilson*, the Ohio Supreme Court explained that a qualified domestic relations order "implements a trial court's decision of how a pension is to be divided incident to divorce or dissolution." *Wilson* at ¶ 7. It "does not in any way constitute a further adjudication on the merits of the pension division, as its sole purpose is to implement the terms of the divorce decree." *Id*. at ¶ 16. It is simply "a ministerial tool used by the trial court in order to aid the relief that the court had previously granted." *Id*. at ¶ 18, quoting *Lamb v. Lamb*, 3d Dist. Paulding No. 11-98-09, 1998 WL 833606, *2 (Dec. 4, 1998).

{¶8} The trial court determined that it should issue a new division of property order because the term "first" that was used in the original order did not mean "only." It noted that the parties had been married for 19 years and that it would be inequitable if Husband's interest in

Wife's retirement benefits could be defeated just because she received disability benefits for a period of time. It, therefore, granted Husband's motion for division of property order.

{¶9} Revised Code Section 3105.89(A) provides that the court that issues a division of property order "shall retain jurisdiction to modify, supervise, or enforce the implementation of [the] order * * *." The original division of property order contained language to that effect. In the divorce decree, the trial court explained that part of Wife's STRS benefits were pre-marital property. It also explained that whatever share that Husband had the right to receive should be offset by his own Social Security benefits. It ordered that "[t]he marital portion of said account less said Social Security offset will then be divided equally between the parties."

{¶10} It is apparent from the language of the decree that it was the intent of the trial court to award Husband a share of Wife's STRS retirement benefits. While the original division of property order may have allowed Husband to receive part of Wife's pre-retirement disability benefits, the fact that he received those benefits does not foreclose his right to a share Wife's retirement benefits as well. In this case, because STRS refused to pay Husband his share of Wife's retirement benefits without a new division of property order, the trial court correctly determined that it was appropriate to issue a new order. The court's action is consistent with the purpose of such orders, which is to implement the terms of a divorce decree. *Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, at ¶ 16. The trial court was also expressly allowed to modify its original division of property order under Section 3105.89(A). We, therefore, reject Wife's argument that Husband's motion was barred under the doctrines of res judicata and law of the case.

**{¶11}** The new division of property order merely allows Husband to access his share of Wife's STRS retirement benefits that he was awarded in the divorce decree. Wife's assignment of error is overruled.

### III.

**{¶12}** The trial court did not err when it granted Husband's motion for division of property order. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.


APPEARANCES:

KENNETH L. GIBSON, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.