[Cite as *Reeves v. Reeves*, 2016-Ohio-4590.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| JOSEPH P. REEVES, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2015-11-092 |
| | : | O P I N I O N |
| - vs - | | 6/27/2016 |
| | : | |
| VALERIE A. REEVES, | : | |
| Defendant-Appellee. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2013 DRA 00306

Michael A. Kennedy, 70 North Riverside Drive, Batavia, Ohio 45103, for plaintiff-appellant

Aimee L. Keller, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202, for defendant-appellee

**PIPER, P.J.**

{¶ 1} Plaintiff-appellant, Joseph Reeves, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, ordering a division of property after Joseph divorced defendant-appellee, Valerie Reeves.

{¶ 2} Joseph and Valerie were married in 1997, separated in 2012, and later divorced in 2013. One of the contested issues that arose from the divorce was specific to the division

of marital property, including Joseph's retirement account. Joseph, who is a member of the Ohio Public Employees Retirement System ("OPERS"), began receiving full disability benefits from OPERS in 2005 due to an issue with his hip. Joseph continued to receive the disability payments since 2005, and also works approximately 16 hours a week.

{¶ 3} As part of the separation of property after the divorce, the trial court awarded Valerie 50 percent of the marital portion of Joseph's retirement benefits. The court also ordered that payment to Valerie would commence when Joseph begins to receive retirement benefits or when he has 30 years of service credit toward his retirement, whichever occurs first. The court noted that up until Joseph's earliest retirement date, the disability payments would be considered income replacement, and thus not subject to division.

{¶ 4} The parties stipulated to the marital value of Joseph's OPERS account, and Valerie's attorney drafted a Division of Property Order ("DOPO"). The parties also stipulated that the DOPO comported with the terms of the trial court's divorce decree. During a hearing at which the trial court was prepared to accept the DOPO, Joseph argued that Valerie should not receive any portion of his OPERS retirement because he was collecting disability, which the court had determined was income replacement not subject to marital division.

{¶ 5} After considering arguments on the issue, the trial court determined that its prior ruling was proper and remained the order. The trial court then reiterated that Valerie would begin receiving her portion of the marital retirement account value once Joseph was entitled to receive retirement benefits in 2021. Joseph now appeals the trial court's decision, raising the following assignment of error.

{¶ 6} THE TRIAL COURT ERRED IN ISSUING A DIVISION OF PROPERTY ORDER (DOPO) DIVIDING THE APPELLANT'S DISABILITY BENEFIT.

{¶ 7} Joseph argues in his assignment of error that the trial court was not permitted to divide his disability benefit because it is income replacement rather than marital property.

- 2 -

{¶ 8} Despite Joseph's argument, we find that this court cannot proceed to judgement because we lack jurisdiction where the notice of appeal is untimely. Given the final nature of the trial court's divorce decree dividing Joseph's retirement account, the proper time to challenge that decision was on a direct appeal from the trial court's divorce decree. Given that Joseph has waited over a year past the date of the divorce decree order, this appeal is untimely.

{¶ 9} Despite the seemingly interlocutory nature of a divorce decree that contains an order to execute a DOPO in the future, the Ohio Supreme Court has determined that a divorce decree that provides for the issuance of a Qualified Domestic Relations Order ("QDRO") is a final, appealable order, even before the QDRO is issued. *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, ¶ 20. The *Wilson* court concluded that the purpose of the QDRO is only to execute the orders in the decree, but that the decree itself is the final order. *Id.* While the issue in the case at bar is the future execution of a DOPO, rather than a QDRO, the reasoning remains the same and is not changed merely because the DOPO is specific to a state pension where the QDRO divides private pensions.

{¶ 10} The trial court's order that Joseph and Valerie will share in Joseph's retirement account is final, and the DOPO merely executes that order. We recognize that other courts have found to the contrary and dismissed appeals regarding the issuance of a DOPO before the DOPO has been executed. *See Green v. Green*, 10th Dist. Franklin No. 04AP-61, 2005-Ohio-851; and *Forman v. Forman*, 3rd Dist. Marion No. 9-05-14, 2006-Ohio-11. However, these cases were decided before *Wilson*, and we see no reason that the analysis provided in *Wilson* specific to a QDRO is not directly applicable to a DOPO.

{¶ 11} According to Civ.R. 75(F), a divorce decree is not final until it, as applicable here, divides the marital property. A divorce decree that fails to resolve the issues set forth in Civ.R. 75(F), such as property division or spousal/child support issues, is not a final order.

*Simon v. Simon*, 9th Dist. Summit No. 25933, 2012-Ohio-3443, ¶ 11. If, however, the decree resolves "all the outstanding issues between the parties," then it is a final appealable order. *Merkle v. Merkle*, 5th Dist. Licking No. 13-CA-31, 2014-Ohio-81, ¶ 14. App.R. 4(A)(1) sets forth that an appeal from a final order must be made within 30 days of the order's date. Otherwise, an appellate court lacks jurisdiction to review an untimely appeal. *Id.*; *Zorn v. Zorn*, 9th Dist. Medina No. 07CA0077-M, 2008-Ohio-2391 (dismissing for lack of jurisdiction where wife appealed issuance of QDRO, rather than appealing the final divorce decree within 30 days of that final order).

{¶ 12} Once the trial court made its decision dividing Joseph's retirement account within the final divorce decree, Joseph was required to perfect his appeal within 30 days. He did not. Instead, Joseph waited until the trial court held a hearing in 2015 to accept the DOPO written by Valerie's attorney. At that hearing, Joseph raised the argument regarding the retirement distribution, and claims now that the trial court only made an unequivocal decision on the retirement issue after that recent hearing. We disagree.

{¶ 13} The record is clear that the trial court issued its divorce decree wherein it separated the marital property, including the parties' retirement accounts. The court noted that Joseph participated in OPERS and had been on disability since 2005. The trial court then determined that the disability payment Joseph receives is not a marital asset. The trial court then went on to state, "[Valerie] is, however, entitled to one half of the marital portion of [Joseph's] retirement benefit, as set forth below." The trial court then established the specific details of its division as follows, "Payment to [Valerie] shall commence when [Joseph] begins to receive retirement benefits or when he has 30 years of service credit toward his retirement, whichever first occurs. Any disability payment received prior to [Joseph's] earliest retirement date is in the nature of income replacement and not subject to division."

{¶ 14} Joseph argues that the divorce decree was not final because it did not

- 4 -

"unequivocally" order division of Joseph's disability benefit. However, the trial court's divorce decree was clear and final in that it (1) ordered Valerie to receive one-half of the marital portion of Joseph's retirement account, and (2) ordered that Valerie would receive payments for her share once Joseph reached 30 years of service credit or decided to retire—whichever came first. The trial court's order also took into consideration that Joseph's election of disability payments up until the time of his earning 30 years' service credits or his voluntary retirement would continue to be nonmarital property because such was income replacement. Having recognized that issue clearly, the trial court further noted that once Joseph earned 30 years of service credit, the disability payments would convert into retirement for the purposes of property division. If Joseph wanted to dispute any aspect of the trial court's final order, the proper time to do so was within 30 days of the trial court's final divorce decree. App.R. 4(A)(1).

{¶ 15} Given that Joseph did not appeal the trial court's final divorce decree within the proper timeframe, his appeal is now untimely, and this court lacks jurisdiction over the matter. We therefore dismiss this appeal for lack of a timely notice of appeal.

S. POWELL and HENDRICKSON, JJ., concur.