[Cite as *Fiedler v. Fiedler*, 2016-Ohio-5349.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CYNTHIA M. FIEDLER | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 26921 |
| | : | |
| v. | : | Trial Court Case No. 2000-DR-1903 |
| | : | |
| JAMES L. FIEDLER | : | (Appeal from Domestic Relations |
| | : | Court) |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of August, 2016.

. . . . . . . . . . .

GARY C. SCHAENGOLD, Atty. Reg. No. 007144, 4 East Schantz Avenue, Dayton, Ohio
45409
     Attorney for Plaintiff-Appellant

TERRY W. POSEY, Atty. Reg. No. 0039666, 10 North Ludlow Street, Suite 950, Dayton,
Ohio 45402
     Attorney for Defendant-Appellee

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-appellant, Cynthia M. Fiedler, n.k.a. Cynthia Markley, appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, which granted a motion to amend a Division of Property Order filed by her ex-husband, defendant-appellee James L. Fiedler. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} Cynthia and James were married in 1995 and divorced pursuant to a Final Judgment and Decree of Divorce on March 13, 2001. The decree provided, in relevant part, that Cynthia is entitled to one-half of James's Public Employees Retirement System of Ohio ("PERS") account and Ohio Deferred Compensation Benefit which accrued to James for the period of February 3, 1995 through October 21, 1998. It also provided for a Qualified Domestic Relations Order or comparable court order, i.e., a Division of Property Order ("DOPO"), to be issued. The decree further indicated that the trial court would retain continuing jurisdiction to effectuate the division of the PERS account and Deferred Compensation Benefit.

{¶ 3} After the divorce decree was entered, a DOPO was filed on May 22, 2002, which provided the following at paragraph II(A):

Type of Payment: If [James] is eligible to receive more than one benefit payment or more than one lump sum payment, please check the benefit or lump sum payment from which payment to [Cynthia] shall be made. If no benefit or lump sum payment is designated, [Cynthia] shall receive payment from the first benefit payment or lump sum payment for which [James] is eligible to apply and receive. Please check ALL APPLICABLE

BENEFIT(S) OR LUMP SUM PAYMENT(S):

☐      Age and service monthly retirement benefit

☐      Disability monthly retirement benefit

☐      Account refund

☐      Additional money purchase monthly annuity or lump sum refund

☐      Reemployed retiree money purchase monthly annuity (when monthly payment exceeds $25.00) or lump sum refund

☐      Defined contribution plan benefit (STRS only)

Division of Property Order (May 22, 2002), Montgomery County Domestic Relations Court Case No. 2000-DR-01903, Docket No. 36, ¶ II(A). None of the boxes were marked on the DOPO that was filed, including the box titled "Disability monthly retirement benefit."

**{¶ 4}** In 2013, although not yet eligible for age and service based retirement benefits, James began receiving disability retirement benefits at the age of 49 from the City of Dayton through PERS. When the disability payments commenced, PERS began remitting a fractional share of each payment to Cynthia pursuant to the DOPO. As a result, on January 15, 2015, James filed a motion to amend the DOPO to provide that Cynthia was only entitled to one-half of his PERS benefits earned from February 3, 1995 to October 21, 1998, but not his disability payments.

**{¶ 5}** Rather than holding a hearing on James's motion to amend, the parties stipulated in an agreed order that there were no questions of fact to be tried on the matter and that the only issues before the court were questions of law. The parties further agreed to have the court issue a decision based on their written memorandums and stipulated that the question before the trial court was whether the DOPO includes James's

disability retirement benefits as it pertains to benefits for Cynthia under the DOPO and the terms of the divorce decree.

{¶ 6} After the parties submitted their memorandums, the magistrate took the matter under advisement and issued a written decision on May 15, 2015. In the decision, the magistrate found that James's disability benefits were not retirement benefits and thus were not currently subject to division. As a result, the magistrate ordered the DOPO to be amended to reflect that Cynthia is not entitled to receive her fractional share of James's disability benefits until the date of his natural earliest age of retirement under PERS. The magistrate also ordered the payments already received by Cynthia to be offset from the future payments that will be owed to her.

{¶ 7} Cynthia filed timely objections to the magistrate's decision; however, the trial court overruled the objections and adopted the magistrate's decision in its entirety. Cynthia now appeals from that decision of the trial court, raising the following single assignment of error for review:

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO AMEND THE DIVISION OF PROPERTY ORDER FILED ON MAY 22, 2002.

{¶ 8} Under her sole assignment of error, Cynthia challenges the trial court's decision to amend the DOPO to reflect that she is not entitled to receive a fractional share of James's disability benefits until James reaches his natural earliest age of retirement. According to Cynthia, paragraph II(A) of the DOPO specifically entitles her to receive James's disability benefits, and claims that amending the DOPO to provide otherwise impermissibly modifies the document. Cynthia also argues that James's motion to amend should be construed as an untimely Civ.R. 60(B) motion for relief from judgment.

{¶ 9} In support of her claim that the trial court impermissibly modified the DOPO, Cynthia cites to R.C. 3105.171(I), which provides that "[a] division or disbursement of property or a distributive award * * * is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses." Cynthia nevertheless recognizes that notwithstanding R.C. 3105.171(I), the trial court retained jurisdiction "to modify, supervise, or enforce the implementation of [the DOPO]." R.C. 3105.89; Division of Property Order at ¶ VIII. However, Cynthia claims that the amendment at issue essentially rewrote the DOPO as opposed to merely effectuating or enforcing it. We disagree.

{¶ 10} A trial court is accorded broad discretion in its division of marital property and its judgment will not be disturbed absent an abuse of that discretion. *Mathews v. Mathews*, 2d Dist. Clark No. 2012-CA-79, 2013-Ohio-2471, ¶ 8, citing *Bisker v. Bisker*, 69 Ohio St.3d 608, 609, 635 N.E.2d 308 (1994). The term "abuse of discretion" refers to judgments that are arbitrary, unreasonable, or unconscionable. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 11} A DOPO "merely implement[s] a trial court's decision of how a pension is to be divided incident to a final divorce entry." *Rice v. Rice*, 8th Dist. Cuyahoga No. 95221, 2011-Ohio-1366, ¶ 7, citing *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, ¶ 7. In turn, "[t]he entry of divorce divides the property; the [DOPO] 'is merely

a tool used to execute the divorce decree.' " *Id.*, quoting *Wilson* at ¶ 19. *Accord Cameron v. Cameron*, 10th Dist. Franklin No. 12AP-349, 2012-Ohio-6258, ¶ 12. "[A] DOPO 'does not in any way constitute a further adjudication on the merits of the pension division, as its sole purpose is to implement the terms of the divorce decree[.]' " *Cameron* at ¶ 12, quoting *Brownlee v. Brownlee*, 8th Dist. Cuyahoga No. 94494, 2010-Ohio-5602, ¶ 6.

{¶ 12} As previously noted, the division of property set forth in the divorce decree is not subject to future modification by the court except upon the express written consent or agreement of both spouses. R.C. 3105.171(I). Therefore, a trial court "may not adopt a DOPO that changes the award the decree granted" absent an "express reservation of jurisdiction or express consent of the parties." *Cameron* at ¶ 13. "A DOPO is inconsistent with a decree when it modifies the division of retirement benefits ordered in the decree, and a DOPO modifies a division of retirement benefits when the DOPO varies from, enlarges, or diminishes the awards the court ordered in the decree." *Id.*, citing *Knapp v. Knapp*, 4th Dist. Lawrence No. 05CA2, 2005-Ohio-7105, ¶ 40.

{¶ 13} In *Pearl v. Pearl*, 2012-Ohio-4752, 980 N.E.2d 1095 (2d Dist.), we held that "a QDRO that violates the prohibition against modifications in R.C. 3105.171(I) is not void, but voidable for error only." *Id.* at ¶ 16. The holding in *Pearl* is equally applicable to DOPOs, as the reasoning behind the holding remains the same despite the fact that a QDRO divides private pensions as opposed to state pensions. *See Reeves v. Reeves*, 2016-Ohio-4590, ___ N.E.3d ___, ¶ 9-10 (12th Dist.). Therefore, if a DOPO improperly modifies the terms of the divorce decree, the DOPO is deemed voidable.

{¶ 14} If the divorce decree is ambiguous with respect to its division of retirement

benefits, the trial court can properly clarify its meaning without violating the prohibitions of R.C. 3105.171(I). (Citations omitted.) *McKinney v. McKinney*, 142 Ohio App.3d 604, 608, 756 N.E.2d 694 (2d Dist.2001). A trial court has broad discretion to clarify ambiguities in a divorce decree. *Majeski v. Majeski*, 2d Dist. Montgomery No. 24668, 2012-Ohio-731, ¶ 13. "An ambiguity exists when a provision in an order or decree is reasonably susceptible of more than one meaning." *McKinney* at 609.

{¶ 15} In this case, the final decree of divorce provides that Cynthia is entitled to one-half of James's "PERS account and Ohio Deferred Compensation Benefit which accrued to [James] for the period of February 3, 1995 through October 21, 1998." The divorce decree makes no reference to James's disability benefits. Since the divorce decree generally provides that James's "PERS account" is subject to division and disability benefits are issued through PERS, it could be argued that it is ambiguous whether the divorce decree provides for the division of James's disability benefits. However, this argument was never raised before the trial court, and even if it was, we find the trial court acted within its discretion and implicitly resolved that ambiguity by applying the law of this state in its decision amending the DOPO.

{¶ 16} In Ohio, " '[t]he general rule is that pension or retirement benefits earned during the course of a marriage are marital assets and a factor to be considered * * * in the division of property.' " *Elsass v. Elsass*, 2d Dist. Greene Nos. 93-CA-0005, 93-CA-0016, 1993 WL 541610, *5 (Dec. 29, 1993), quoting *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 178, 559 N.E.2d 1292 (1990). Disability benefits, on the other hand, are not considered to be marital property unless they are accepted by the retiree in lieu of retirement pay, in which case they are marital property to the extent that the retirement pay value is included in

the disability pension benefit. *Id.*; *Mathews*, 2d Dist. Clark No. 2012-CA-79, 2013-Ohio-2471 at ¶ 11. Therefore, "[w]hile retirement benefits earned during the marriage generally are divisible as marital property, disability benefits are not." (Citations omitted.) *Young v. Young*, 2d Dist. Clark Nos. 08-CA-59, 08-CA-61, 2009-Ohio-3504, ¶ 31.

{¶ 17} The rationale for this rule is that disability benefits "are a form of wage continuation designed to compensate the recipient for wages that he would otherwise receive but for the disability." *Elsass* at *5. While disability benefits may originate from the same entity that would pay retirement benefits, i.e. PERS, the fact remains that the purpose of the disability benefits is income replacement, not retirement. *Burkhart v. Burkhart*, 12th Dist. Clermont No. CA2008-04-042, 2009-Ohio-1307, ¶ 24. Yet, "[o]n the date a spouse becomes eligible for retirement, the disability benefits being received, though not marital property per se, begin to represent retirement benefits to the extent that they equal the retirement benefits the spouse would receive but for his disability." (Citation omitted.) *Young* at ¶ 31. *Accord Mathews* at ¶ 5-15 (finding no abuse of discretion where the trial court awarded wife an interest in husband's disability retirement benefits because those benefits became the functional equivalent of retirement benefits once husband reached retirement age under his pension plan).

{¶ 18} Since James has been receiving disability benefits since 2013, and has not yet reached his earliest age of retirement, under Ohio law, the disability benefits are not marital property subject to division. It is also clear that James has not accepted those benefits in lieu of retirement pay since he is not currently eligible to retire. Therefore, in applying the law of this state, the trial court implicitly interpreted the terms of the divorce decree as to exclude disability benefits since the court ordered the DOPO to be amended

to provide that Cynthia is not entitled to receive her fractional share of James's disability benefits until he becomes eligible for retirement, i.e., once the disability benefits transmute into or begin to represent his retirement benefits.

{¶ 19} As previously noted, a DOPO may not modify the division of benefits set forth in the divorce decree. Here, the DOPO does not specifically provide for Cynthia to receive James's disability payments, but paragraph II(A) of the DOPO filed herein provides that "[i]f no benefit or lump sum payment is designated, [Cynthia] shall receive payment from the first benefit payment or lump sum payment for which [James] is eligible to apply and receive." Since no boxes were marked where the applicable benefits were supposed to be designated on the DOPO, the plain language of that document provides that Cynthia is entitled to the first benefit that James is eligible to receive, which in this case, is his disability payments. *See Murphy-Kesling v. Kesling,* 9th Dist. Summit No. 24176, 2009-Ohio-2560, ¶ 20 (because "[n]one of the options listed beneath this paragraph, including disability benefits, were designated * * * [appellant] did not exclude her disability benefits from the terms of the DOPO").

{¶ 20} Because the language in paragraph II(A) of the DOPO effectively permits Cynthia to receive a portion of James's disability payments, the terms of the DOPO are inconsistent with the lawful interpretation of the divorce decree as it pertains to disability benefits not being marital property subject to division until after James reaches his natural earliest age of retirement. In other words, the DOPO improperly modified the divorce decree by enlarging Cynthia's award to include James's disability benefits before he reaches his age of retirement.

{¶ 21} Again, pursuant to R.C. 3105.89 and the terms of the DOPO itself, the trial

court retained jurisdiction to modify, supervise, or enforce the implementation of the DOPO. Accordingly, we hold that the trial court was authorized to amend the DOPO to make it consistent with the divorce decree and Ohio law, as the DOPO could not otherwise be properly enforced. Therefore, the trial court's decision granting James's motion to amend the DOPO was not an abuse of discretion. In light of this holding, we also find that the trial court did not err in ordering the disability payments Cynthia has already received from PERS to be offset from the future payments she will receive once James reaches his earliest age of retirement.

{¶ 22} Cynthia's alternative argument—that James's motion to amend should be construed as an untimely Civ.R. 60(B) motion for relief from judgment—also lacks merit given that the trial court had inherent authority to modify and enforce the implementation of the DOPO. "A finding that the domestic relations court did not abuse its discretion in finding that the DOPO modified the divorce decree will render as moot appellant's arguments that appellee failed to present a meritorious claim or otherwise establish relief pursuant to Civ.R. 60." *Rice*, 8th Dist. Cuyahoga No. 95221, 2011-Ohio-1366 at ¶ 9.

{¶ 23} For the foregoing reasons, Cynthia's sole assignment of error is overruled. Therefore, the trial court's decision to amend the DOPO and to have the disability payments already received by Cynthia offset from her future payments is affirmed.

. . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Gary C. Schaengold
Terry W. Posey
Hon. Denise L. Cross