**[Cite as *Williams v. Williams*, 2022-Ohio-599.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PATRICIA ELAINE WILLIAMS, | : | APPEAL NO. C-210331 |
| | | TRIAL NO. DR-1900117 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| RICHARD ALLEN WILLIAMS, | : | |
| Defendant-Appellee. | : | |

Appeal From:    Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: March 2, 2022

*Stagnaro Hannigan Koop, Co., LPA,* and *Michaela M. Stagnaro*, for Plaintiff-Appellant,

*The Bonecutter Firm, LLC,* and *Brenda L. Bonecutter*, for Defendant-Appellee.

**MYERS, Presiding Judge.**

{¶1} Plaintiff-appellant Patricia Elaine Williams ("Patricia") appeals the entry issued by the Hamilton County Court of Common Pleas, Domestic Relations Division, denying her Civ.R. 60(B) motion for relief from judgment in which she had asked the trial court to modify a provision of her divorce decree. Because R.C. 3105.171(I) prohibited the trial court from modifying the divorce decree absent the consent of both parties to the decree, we find that the trial court lacked authority to grant Patricia the requested relief, and we affirm the trial court's judgment.

### *Factual and Procedural Background*

{¶2} On January 22, 2019, Patricia filed a complaint for divorce against her then husband, defendant-appellee Richard Allen Williams ("Richard"). On November 22, 2019, Patricia and Richard entered into an "Agreed Entry on Divorce." The entry indicated that the trial court adopted and approved the agreement of the parties as placed on the record and affirmed by each party.[1] Approximately two months later, on January 29, 2020, the trial court journalized a decree of divorce.

{¶3} As relevant to this appeal, the decree addressed the division of the parties' retirement accounts. It provided that:

Plaintiff is entitled to 50% of Defendant's two retirement accounts: Defendant is vested in the Ohio Public Employees Retirement System (OPERS), which is marital in nature and approximate value $261,047.oo as of May 24, 2019, and Defendant is fully vested in a Retirement Savings IRA, which is marital in nature and approximate

---

[1] The record on appeal does not contain a copy of the parties' agreement.

value April 30, 2019 of $3099.78. Both of these Plaintiff shall receive 50% for the dates of marriage, May 9, 1997 through May 24, 2019, minus credit for Defendant's one-half interest in Plaintiff's 401(K), which is marital in nature and valued at approximately $25,311.31 as of August 12, 2019.

The decree further provided that Patricia was responsible for the cost of preparing any Qualified Domestic Relations Order ("QDRO") or Division of Property Order ("DOPO") necessary to effectuate the transfer of the retirement assets. There was no further explanation of what 50 percent meant.

{¶4} After retaining the services of an attorney qualified to draft the required DOPO, Patricia learned that she would not be able to receive her portion of Richard's OPERS retirement account in an immediate lump-sum payment. Rather, she could only receive 50 percent of his monthly pension payments and only once he retired. And, in the absence of an election of joint-and-survivor benefits, her payments would cease upon Richard's death. Because Patricia had believed otherwise, she filed a motion for relief from judgment under Civ.R. 60(B). The motion requested that the trial court modify the portion of the divorce decree concerning the division of the parties' retirement accounts to include both: (1) an order that Richard cooperate with Patricia and a life insurance company of her choice should she choose to obtain insurance on Richard's life; and (2) an order that Richard, upon his retirement, choose a joint-and-survivor benefit option to the extent of Patricia's marital interest as reflected by the DOPO.

{¶5} In support of her motion, Patricia submitted an affidavit stating that she had believed the parties' decree of divorce would allow her to receive her portion

of Richard's OPERS account in an immediate lump-sum payment via a DOPO, and that if she had known that such immediate payment was not possible, she would have insisted on some type of protection or security to ensure that she received her money.

{¶6} Patricia additionally submitted an affidavit from J. Eileen Zell, whom she had retained to draft the DOPO. Zell detailed her qualifications and knowledge on the subject of the division of retirement and other deferred-income arrangements in divorce. She stated that Patricia could not receive her share of Richard's OPERS account in an immediate payment, and that she could not receive any payment until Richard began receiving his benefits following his retirement. Zell opined that Patricia's interest in Richard's OPERS account needed to be protected, and that the most efficient way to do so was via a term life insurance policy prior to Richard's benefit commencement and a joint-and-survivor election at benefit commencement.

{¶7} While Patricia's motion was pending, the trial court issued a DOPO concerning the division of Richard's OPERS account. The DOPO provided that Patricia was entitled to either a per benefit payment and/or lump sum payment of 45.7 percent of a specific fraction that was set forth in a different section of the DOPO. The numerator of the fraction was 20.75, which was the number of years during which Richard was a contributing member to OPERS and married to Patricia. The denominator of the fraction was yet to be determined, and will ultimately be Richard's total years of service credit with OPERS. The DOPO was sent to OPERS, which, on April 20, 2021, issued a "notice of nonapproval of division of property order." The notice specified that the submitted DOPO was not approved because a particular paragraph in the order "does not include boxes next to the types of

4

payment, possibly due to a printer error." The DOPO is subject to correction and can be resubmitted. Modification of the DOPO is not at issue in this case.

{¶8} The trial court held a hearing on Patricia's motion for relief from judgment regarding the divorce decree (note that Patricia was not seeking to modify the DOPO). Patricia testified in accordance with her previously submitted affidavit, additionally stating that the parties had intended to equally divide their pension and retirement interests. Zell likewise testified in accordance with her affidavit concerning the actions necessary to protect Patricia's interest in Richard's OPERS account. According to Zell, absent these safeguards, Patricia will be unable to receive her full marital interest in Richard's OPERS account if he predeceases her.

{¶9} Richard testified that prior to the decree of divorce being issued by the trial court, there had been no discussion of Patricia obtaining a life insurance policy on him or of him electing a survivorship benefit. Richard further testified that he would not agree to elect a survivorship benefit or to allow Patricia to obtain the requested life insurance.

{¶10} The trial court denied Patricia's motion for relief from judgment. The court noted that Patricia had not specified which subsection of Civ.R. 60(B) she was seeking relief under, but that it was limited by law to granting relief under Civ.R. 60(B)(1), (2), or (3). It further found that because Patricia made no allegations of fraud or newly discovered evidence, she was only able to seek relief under Civ.R. 60(B)(1) for mistake, inadvertence, surprise, or excusable neglect. The court determined that Patricia had not met her burden of demonstrating that she was entitled to relief under this subsection, and that, even if she had met her burden, relief was nonetheless unavailable because, pursuant to R.C. 3105.171(I), the court

was prohibited from modifying a property division in a divorce decree absent consent from both spouses.

{¶11} Patricia now appeals.

### Civ.R. 60(B) Relief was not Available

{¶12} In a single assignment of error, Patricia contends that the trial court erred as a matter of law in denying her motion for relief from judgment. She argues that R.C. 3105.171(I) did not prohibit the trial court from granting relief under Civ.R. 60(B), that the trial court erred in finding that it was limited to granting relief under Civ.R. 60(B)(1), (2), or (3), and that she met her burden of establishing that she was entitled to relief from judgment.

### 1. R.C. 3105.171

{¶13} We first consider Patricia's argument that R.C. 3105.171(I) did not prohibit the trial court from granting Civ.R. 60(B) relief.

{¶14} R.C. 3105.171(I) provides that "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses." Under the plain language of this statute, consent of both spouses is required before a trial court may modify a property division.

{¶15} The Supreme Court of Ohio considered the impact of R.C. 3105.171(I) on a trial court's ability to grant Civ.R. 60(B) relief in *Walsh v. Walsh*, 157 Ohio St.3d 322, 2019-Ohio-3723, 136 N.E.3d 460. Like this case, *Walsh* involved a party seeking relief from judgment from a provision in a divorce decree concerning the division of a spouse's pension. In *Walsh*, the parties' divorce decree provided that

wife would receive a share of husband's military pension based upon a marriage term of six years, which was the period that the parties were together during husband's military service, and that a QDRO would be prepared by a consulting firm to implement the pension division. It further provided that the trial court would retain jurisdiction over the QDRO. *Id.* at ¶ 4. When the parties attempted to draft a QDRO to implement the division of the pension, wife learned that she would be unable to receive direct pension payments from the military because the divorce decree did not specify her share of husband's pension in percentage terms and because the military had a requirement that direct pension payments to a former spouse would not be made unless the marriage lasted for at least ten years, during which period the service member spouse provided military service (the "10/10 rule"). *Id.* at ¶ 5. The parties' divorce decree stating that they were married for six years did not satisfy the "10/10 rule."

{¶16} Wife filed a motion for relief from judgment under Civ.R. 60(B)(4) and (5), asking the court to modify the divorce decree to reflect the percentage of the pension to which she was entitled and "the parties' actual date of marriage and date of divorce, rather than the agreed upon dates which do not meet the 10/10 rule." *Id.* at ¶ 9. The trial court granted wife's motion for Civ.R. 60(B) relief. Husband appealed and the court of appeals affirmed, finding that the trial court was able to modify the terms of the divorce decree concerning the pension because it had retained jurisdiction over the QDRO. *Id.* at ¶ 13.

{¶17} The *Walsh* court reversed. It held that "[i]n addition to the Civ.R. 60(B) requirements for modification, the divorce and dissolution statutes contain certain statutory restrictions that limit the authority of a trial court to modify a final

7

decree." *Id.* at ¶ 19. The court recognized that retirement benefits earned during the course of a marriage were marital property subject to R.C. 3105.171(I), and that because both spouses had not consented to the modification of the property division, under the plain language of R.C. 3105.171(I), the trial court had no authority to order wife's requested change to the decree. *Id.* at ¶ 19-20. The *Walsh* court discussed the interplay between Civ.R. 60(B) and R.C. 3105.171(I) and held that "Civ.R. 60(B) cannot be used to alter the statutory requirements for the modification of a decree. Because R.C. 3105.171(I) does not permit modification absent the consent of both parties, Civ.R. 60(B) cannot provide a workaround." *Id.* at ¶ 23.

{**¶18**} In this case, because Richard did not consent to Patricia's requested changes to the divorce decree, pursuant to R.C. 3105.171(I) the trial court had no authority to modify the decree. *See id.* at ¶ 20. Patricia could not use Civ.R. 60(B) to circumvent R.C. 3105.171(I). *See id.* at ¶ 23.

### 2. R.C. 3105.89

{**¶19**} Patricia argues that the trial court was statutorily permitted to modify the divorce decree, notwithstanding R.C. 3105.171(I), because of an exception found in R.C. 3105.89, a statute that addresses property division orders involving public retirement programs. R.C. 3105.89 provides that:

Notwithstanding division (I) of section 3105.171 of the Revised Code:

(A) The court shall retain jurisdiction to modify, supervise, or enforce the implementation of *an order described in section 3105.81 of the Revised Code.*

(B) The court may modify an order issued under section 3105.171 or 3105.65 of the Revised Code that was effective prior to the effective

8

date of this section for the purpose of enforcing the order or carrying into effect the manifest intentions of the parties. A modified order must meet the requirements of section 3105.82 of the Revised Code.

(Emphasis added.)

{¶20} Subsection (B) of R.C. 3105.89 is inapplicable in this case, as Patricia was not seeking to modify an order that was "effective prior to the effective date" of R.C. 3105.89. The statute was effective as of January 1, 2002, and Patricia sought to modify the parties' divorce decree, journalized in 2020. *See Richardson v. Richardson*, 9th Dist. Summit No. 29629, 2021-Ohio-2229, ¶ 17, quoting *Ivanov v. Ivanov*, 9th Dist. Summit No. 24998, 2010-Ohio-1963, ¶ 14 ("R.C. 3105.89(B) allows the trial court to modify an order dividing marital property that was in effect prior to January 1, 2002, 'for the purpose of enforcing the order or carrying into effect the manifest intentions of the parties.' ").

{¶21} Subsection (A) of R.C. 3105.89 is only applicable in this case if Patricia was seeking to modify, supervise, or enforce the implementation of an order described in R.C. 3105.81. So, what is an order described in R.C. 3105.81? The statute provides that:

A court that issues *an order* under section 3105.171 or 3105.65 of the Revised Code that provides for a division of property that includes a benefit or lump sum payment and requires one or more payments from a public retirement program to an alternate payee shall include in the order a requirement that the payments be made in accordance with and subject to limitations set forth in sections 3105.82 to 3105.90 of the Revised Code.

(Emphasis added.) R.C. 3105.81. Broken down, an order under this statute is one that provides for a division of property that: (1) includes a benefit or lump sum payment; and (2) requires payment from a public retirement program to an alternate payee. If the order meets these requirements, it must include a requirement that the payments be made in accordance with and subject to certain statutory limitations set forth in various sections of the Revised Code specified in R.C. 3105.81.

{¶22} The divorce decree that Patricia sought to modify provided that she was entitled to 50 percent of Richard's OPERS account for the dates of their marriage, which were specified in the decree. The decree further provided that the OPERS account had a value at the time the decree was issued of $261,047.00. With this language, the decree likely complied with the first requirement set forth in R.C. 3105.81. Although it did not reference either a benefit or lump sum payment, it stated that Patricia was entitled to 50 percent of Richard's OPERS account. However, with respect to the second requirement for an order described in R.C. 3105.81 set forth above, the decree did not require a payment "from a public retirement program to an alternate payee." It therefore did not constitute an order described in R.C. 3105.81, and did not fall within the exception to R.C. 3105.171(I) set forth in R.C. 3105.89(A). And, even if the decree met the second requirement, it failed to include the mandatory provisions with respect to payments. While the DOPO itself contained all the necessary requirements to constitute an order described in R.C. 3105.81, it is not the DOPO that Patricia sought to modify in this case.

{¶23} In a factually similar case, the Sixth Appellate District considered an argument regarding the applicability of R.C. 3105.89. *See Ouellette v. Ouellette*,

10

2020-Ohio-705, 152 N.E.3d 528 (6th Dist.). In *Ouellette*, the parties entered into a stipulated judgment entry and divorce decree. The decree provided that husband was entitled to $110,000 from wife's OPERS account, specifically stating that "One Hundred and Ten Thousand Dollars ($110,000.00) from [appellant's] O.P.E.R.S. account, which [appellant] shall cooperate with [appellee], and [appellee] shall cause to be transferred to a drop account in his name by a Division of Property Order (D.O.P.O.)." *Id.* at ¶ 3. The parties later learned that husband could not receive a distribution from wife's OPERS account until she actually retired. Husband consequently filed a motion for relief from judgment, arguing that he was entitled to relief under Civ.R. 60(B)(1) because of mutual mistake. *Id.* at ¶ 5. Husband requested either an award in the amount of $110,000 against wife's deferred compensation account, or, in the alternative, an order vacating the entire property settlement. *Id.* at ¶ 6. The trial court granted husband's motion, but rather than grant either of the forms of relief requested, it vacated the portion of the decree ordering a distribution from wife's OPERS account and entered an order directing wife to pay husband a lump sum of $110,000 within six months. The order did not specify the source of the funds to be paid. *Id.* at ¶ 8. Wife appealed.

{¶24} The Sixth District cited *Walsh* and held that the trial court was not permitted to modify the decree absent the consent of both parties. It also considered husband's argument that, because the trial court's modification pertained to implementing the distribution from wife's OPERS account, R.C. 3105.89 provided an exception to the consent requirement in R.C. 3105.171(I). The court held that R.C. 3105.89 was not applicable, stating "[c]ontinuing jurisdiction over pension disbursements under R.C. 3105.89 is separate from the property division order

11

under R.C. 3105.171." *Id.* at ¶ 21. Because the trial court's modification did not fall within the exception set forth in R.C. 3105.89 and because both parties did not consent to the modification, the court held that the trial court lacked jurisdiction to modify the decree. *Id.* at ¶ 22.

{¶25} The Sixth District further held, however, that while the trial court lacked authority to modify the decree, it did not lack authority to consider a Civ.R. 60(B) motion. It held that R.C. 3105.171(I) did not deprive a trial court of jurisdiction from granting relief other than modification to a property order, and that the trial court had jurisdiction to consider a Civ.R. 60(B) motion requesting that the court vacate, rather than modify, a property order or decree. *Id.* at ¶ 32-33. We need not decide this issue since Patricia is seeking modification of the decree.

{¶26} Several other Ohio appellate districts have analyzed R.C. 3105.89 and held that it authorizes a trial court to modify a DOPO. *See Enty v. Enty*, 8th Dist. Cuyahoga No. 104167, 2017-Ohio-4177, ¶ 9, quoting *Hines v. Hines*, 3d Dist. Marion No. 9-10-15, 2010-Ohio-4807, ¶ 11 ("R.C. 3105.89 does afford a trial court some continuing jurisdiction over division of property orders involving public retirement programs."); *Fiedler v. Fiedler*, 2d Dist. Montgomery No. 26921, 2016-Ohio-5349, ¶ 9 ("[T]he trial court retained jurisdiction 'to modify, supervise, or enforce the implementation of [the DOPO].' "); *Murphy-Kesling v. Kesling*, 9th Dist. Summit Nos. 26957 and 26962, 2014-Ohio-1816, ¶ 10 ("The trial court was also expressly allowed to modify its original division of property order under Section 3105.89(A)."). But in this case we are tasked with determining whether R.C. 3105.89 gave the trial court authority to modify a provision in the divorce decree concerning the division of property, rather than the DOPO.

**{¶27}** In this case, like *Walsh* and *Ouellette*, the trial court lacked authority to modify Patricia and Richard's decree of divorce. Both parties did not consent to the modification, as is required by R.C. 3105.171(I), and the exception set forth in R.C. 3105.89 did not apply, as the divorce decree that Patricia sought to modify did not constitute an order described in R.C. 3105.81. The trial court, therefore, did not err in denying Patricia's motion for relief from judgment.

### *Conclusion*

**{¶28}** Because the trial court did not err in denying her motion for relief from judgment, Patricia's assignment of error is overruled. The judgment of the trial court is accordingly affirmed.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.