Soyk, Appellee, *v.* Soyk, Appellant.

[Cite as Soyk v. Soyk (1975), 45 Ohio App. 2d 319.]

(No. 7668—Decided May 21, 1975.)

*Mr. Charles M. Deitle,* for appellee.
*Mr. Robert L. Crane, Jr.,* for appellant.

Mahoney, J. On September 24, 1974, the defendant husband, Herbert R. Soyk, was served with a summons on his wife's Complaint filed against him for divorce, custody, alimony and other equitable relief. He did not retain counsel or file an answer.

A default judgment, after notice pursuant to Civ. R. 55, was rendered against him on November 14, 1974. In that decree, the court awarded the wife a divorce and custody of the children, with visitation to the husband, and ordered him to pay support for the children. The court further, *inter alia,* made a division of the marital property, both real and personal, and ordered each to pay and keep the other harmless from certain debts of the parties.

The husband was happy with the divorce, but unhappy with the division of the property and the orders concern-

ing payment of debts. Therefore, he filed a motion for new trial and a stay of execution upon the following grounds:

"1. Accident or surprise which ordinary prudence could not 'have guarded against;

"2. The judgment is contrary to law;

"3. For good cause, as elaborated in defendant's affidavit attached hereto."

In a supporting affidavit, he claims that accident, or surprise is present under Civ. R. 59(A)(3) by virtue of his wife's conduct, promises and assurances that she would not seek any relief greater than that which was obtained at the hearing on the motion for orders *pendente lite*. (No written finding was made, nor was any oral order ever journalized.)

His second contention was that the court did not have equitable power to make a division of the marital property and further that the court failed to comply with R. C. 3105.-18.

He claims that his third contention, "for good cause," is sustained by his alleged showing that it was all unfair to him. The trial court overruled the motion and the husband has appealed, assigning as error:

"I. The lower court erred in ordering the defendant to convey his real estate to the plaintiff-appellee, in awarding to plaintiff defendant's 1973 Chevrolet automobile, defendant's Metropolitan Life Insurance policy, and the household goods and furnishings of the parties, in ordering defendant to pay the parties' indebtedness to O'Neils, BankAmericard, and Montgomery Ward, and in ordering defendant to assume any indebtedness arising out of a lawsuit pending between the parties hereto, and another party.

"II. The lower court erred in overruling defendant-appellant's motion for a new trial."

We will treat the assignments of error collectively under the issue of whether the trial court has the equitable power to make a division of property unless it is an award of alimony pursuant to R. C. 3105.18. The source of primary authority for the court is found in Section 4(B), Article IV, of the Ohio Constitution which provides:

"The courts of common pleas shall have such original jurisdiction over all justiciable matters * * * as may be provided by law."

Actions for divorce, alimony, custody, etc. were not known at the common law and are purely statutory in nature. The court has no greater jurisdiction or power than is given by statute.* The courts agree that prior to 1951 there was no express statutory authority for equitable power to make a division of property. *Mark* v. *Mark* (1945), 145 Ohio St. 301; *Purdy* v. *Purdy* (1911), 41 Ohio App. 411; *Durham* v. *Durham* (1922), 104 Ohio St. 7; *Marleau* v. *Marleau* (1917), 95 Ohio St. 162; *DeWitt* v. *DeWitt* (1902), 67 Ohio St. 340.

In 1951, the legislature amended R. C. 3105.20 to provide, *inter alia*:

"* * * In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction."

While that clause is written in the negative, our Supreme Court in the case of *Clark* v. *Clark* (1956), 165 Ohio St. 457, 458, did find that amendment to be a grant of power:

"* * * When the General Assembly amends a statute, it is to be presumed that the legislation is not mere meaningless wordage. If, as stated in the opinion in the *Durham* case, *supra*, the trial courts formerly were 'not authorized to exercise general equity powers' in such matters, that deficiency clearly has now been remedied by the emphatic new provision that the trial courts shall not be deemed to be deprived of their 'full' equity powers and jurisdiction. Apparently the salutary purpose of the General Assembly was to authorize the trial courts to exercise full

---

*Subsequent to this decision, Amend. H. B. 370 established R. C. 3105.011, effective August 1, 1975, which provides: "The Court of Common Pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. This section is not a determination by the General Assembly that such equitable powers and jurisdictions do not exist with respect to any such matter."

equity powers and jurisdiction in adjudicating a complete dissolution of the marriage relationship, including a determination of the rights of the parties to alimony and to a division of property.''

This decision was followed and expanded in *DeMilo* v. *Watson* (1957), 166 Ohio St. 433; *Gage* v. *Gage* (1956), 165 Ohio St. 462; *Esteb* v. *Esteb* (1962), 173 Ohio St. 259.

After the Modern Courts Amendment to the Ohio Constitution in 1968, and the adoption of the Rules of Civil Procedure in 1970, the legislature repealed R. C. 3105.20. Therefore, the line of cases (commencing with *Clark*), which held that a domestic relations court had equity jurisdiction to make divisions of property, are no longer controlling. Therefore, we must revert to the law as it was prior to 1951.

Accordingly, we hold that the trial court was without authority to make a division of property unless it was pursuant to an alimony award under R. C. 3105.18. We fail to find any such award in the court's judgment order. We, therefore, reverse the judgment of the trial court as to those parts of the order which were a division of property (including orders for the payment of debts) and remand the cause for further proceedings pursuant to R. C. 3105.-18.

*Judgment reversed and cause remanded.*

VICTOR, P. J., and BRENNEMAN, J., concur.