[Cite as *Ouellette v. Ouellette*, 2020-Ohio-705.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Darlene R. Ouellette | Court of Appeals No. E-19-017 |
| Appellant | Trial Court No. 2016-DR-077 |
| v. | |
| Johnnie E. Ouellette | **DECISION AND JUDGMENT** |
| Appellee | Decided: February 28, 2020 |

* * * * *

Danielle C. Kulik, for appellant.

Kyle R. Wright and Zachary E. Dusza, for appellee.

* * * * *

**ZMUDA, P.J.**

{¶ 1} This matter is before the court on appeal from the judgment of the Erie

County Court of Common Pleas, Domestic Relations Division, granting defendant-

appellee's motion for relief from judgment and entering a new order concerning property distribution, based on a finding of mutual mistake.  For the reasons that follow, we reverse and remand for further proceedings.

**I.  Facts and Procedural Background**

{¶ 2} Appellant, Darlene Ouellette and appellee, Johnnie Ouellette were married in 1994, and have three children, born August 19, 1995, September 21, 1996, and September 10, 1999.  On June 24, 2016, appellant filed a complaint for divorce. Appellee filed a counterclaim for divorce with his answer.  The matter proceeded through discovery, with the trial court addressing various discovery disputes.  Two months before the scheduled trial date, the parties engaged in a settlement conference at the offices of appellant's attorney.

{¶ 3} After a successful settlement conference, the parties entered into a stipulated judgment entry and divorce decree, resolving all matters in controversy.  The trial court placed the agreement on the record, at hearing on April 18, 2017, with the divorce decree journalized April 20, 2017.  As agreed, appellant received the marital home, and appellee received $110,000 from appellant's OPERS account, ordered as follows:

> 4.06(N).  One Hundred and Ten Thousand Dollars ($110,000.00)
> from [appellant's] O.P.E.R.S. account, which [appellant] shall cooperate
> with [appellee], and [appellee] shall cause to be transferred to a drop
> account in his name by a Division of Property Order (D.O.P.O.), ~~within~~
> ~~ninety (90) days or be forever barred~~, with costs, expenses, and taxes
> allocated to [appellee].

2.

Appellant's attorney explained the language stricken from the entry to the trial court, at hearing, as follows:

> There was a provision in here, which has been crossed out, and the parties understand that and are in agreement to that, that it was going to be within 90 days, but we understand this is not a quick process –

{¶ 4} After entry of the divorce decree, the parties learned that appellee could not receive any distribution from appellant's OPERS account until she actually retired. The disbursement to appellee, moreover, would be in periodic payments after appellant retired.[1]

{¶ 5} Upon learning that a lump sum from appellant's OPERS account was impossible, counsel for appellee suggested payment of the lump sum from appellant's deferred compensation account, which he believed contained sufficient funds, but appellant refused. When appellant indicated no present intention to transfer any funds to appellee, he filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(1), arguing mutual mistake.

{¶ 6} Appellee requested either an award against appellant's deferred compensation account in the amount of $110,000 in order to remedy the mistake, or an

---

[1] Appellant is in her mid-40s with 23 years of service, and the earliest she will be eligible for retirement is at 55 years old. Appellee is much older, by more than a decade, and would be around 70 years old by the time appellant reached her retirement eligibility. At hearing on appellee's motion for relief from judgment, appellee argued this age difference as supporting the lump sum agreement, as appellee contemplated not surviving until appellant's retirement.

3.

order vacating the entire property settlement so the parties might negotiate a new settlement, arguing the lump sum payment was a material term of the settlement agreement. Appellant opposed the motion, arguing any award against her deferred compensation account would be a modification to the property division without proper reservation of jurisdiction. She also argued lack of mutual mistake, and that immediate payment of the $110,000 was never a term of the parties' agreement.

{¶ 7} The trial court held an evidentiary hearing on the motion, and counsel for appellee and the parties testified regarding their understanding of the terms of the property settlement. Appellant and appellee each testified that they understood appellee would receive a present lump sum payment of $110,000, mistakenly believing that OPERS would distribute the funds from appellant's OPERS account. Appellant testified regarding a lump sum payment, stating:

Well, I guess I'm learning today that he can't have a lump sum award. Prior to that, I was under the impression that it was going to go into a drop account and that he would get it out of there and that was - - that was my understanding is that the 110,000 would go into a drop account and then he would draw money from there. If he drew it all or he drew it monthly, you know, I wasn't privy to that. I just knew that he was going to get 110,000 out of my retirement account.

She also acknowledged that the purpose of consulting with an expert was "to see if he could get a lump sum of my retirement."

4.

{¶ 8} After considering the testimony and existing authority, the trial court found either mutual mistake or unilateral mistake, preventing formation of a valid agreement between the parties regarding property division. The trial court granted the motion for relief, but rather than vacate the entire property award or order payment from appellant's deferred compensation fund, as requested, the trial court vacated only the portion of the decree that ordered distribution from appellant's OPERS account. Additionally, the trial court entered an order that appellant pay appellee the lump sum of $110,000, within six months, without specifying the source of the funds. Appellant now appeals that judgment, asserting the following assignments of error:

1. THE COURT ERRED IN FINDING IT HAD JURISDICTION TO MODIFY THE PROPERTY DIVISION

2. THE COURT ERRED GRANTING THE MOTION FOR CIV.R. 60(B) RELIEF.

3. THE REMEDY THE COURT ORDERED WAS CONTRARY TO LAW AND THE TIMING OF DISBURSEMENT WAS AN ABUSE OF DISCRETION.

## II. Analysis

{¶ 9} The trial court granted appellee relief from judgment, as provided under Civ.R. 60(B)(1), based on mutual mistake. In appealing the judgment, appellant argues the trial court was without jurisdiction to modify the property division, erred in granting

Civ.R. 60(B) relief, and ordered a remedy that was both contrary to law and an abuse of discretion.[2]   We address each assignment of error in turn.

### A.  Jurisdiction to Modify

{¶ 10} In her first assignment of error, appellant challenges the trial court's jurisdiction in modifying the agreement pursuant to Civ.R. 60(B).  "Civ.R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order."  *In re Whitman,* 81 Ohio St.3d 239, 242, 690 N.E.2d 535 (1998).   The Rule strikes a balance between the finality of judgments and a perfect result "by vesting the courts with broad, but not unlimited authority to set aside judgments."  *Knapp v. Knapp,* 24 Ohio St.3d 141, 145, 493 N.E.2d 1343 (1986).

{¶ 11} Appellant first argues that the trial court failed to retain jurisdiction to modify the property distribution, and Civ.R. 60(B) does not apply where the trial court does not specifically reserve jurisdiction in its judgment.  Appellant's argument frames the issue as statute supplanting application of Civ.R. 60(B) in its entirety.  In support, appellant references the change of circumstances and reservation of jurisdiction requirements under R.C. 3105.18, as addressed in *Morris v. Morris,* 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664.

---

[2] Appellant also argues, for the first time on appeal, that the trial court improperly relied on parol evidence in granting relief from judgment.  Because appellant did not raise an objection before the trial court, we deem this issue waived on appeal, and decline to address it.  *See e.g. Charlesgate Commons Cond. Assn v. W. Reserve Group,* 6th Dist. Lucas No.L-14-1039, 2014-Ohio-4342, ¶ 11 (where appellant failed to object to admissibility of evidence in ruling on summary judgment, that objection is waived on appeal).

6.

{¶ 12} In *Morris,* the Ohio Supreme Court considered whether the spousal support statute limited relief under Civ.R. 60(B).  Prior to the enactment of R.C. 3105.18(E), a party could seek to vacate an order for periodic spousal support under Civ.R. 60(B) under the common law.  However, R.C. 3105.18(E) now provides the sole authority to vacate or modify periodic spousal support, with the requirement that the decree contain a specific reservation of jurisdiction.  *Morris* at ¶ 56.  The statute provides, in pertinent part:

> [T]he court that enters the decree * * * does not have jurisdiction to modify
>
> the amount or terms * * * unless the court determines that the
>
> circumstances of either party have changed and unless * * * the decree or a
>
> separation agreement * * * contains a provision specifically authorizing the
>
> court to modify the amount or terms of alimony or spousal support."  R.C.
>
> 3105.18(E)(1)-(2).

As noted in *Morris,* "[i]n R.C. 3105.18(E), the General Assembly has established the limits of a trial court's jurisdiction to modify an award of spousal support." *Id* at ¶ 57.

{¶ 13} The dispute in this case, however, does not concern spousal support, but instead concerns the division of marital property, governed by R.C. 3105.171.  This section of the divorce statutes does not expressly require a reservation of jurisdiction, but instead limits modification as follows:

> (I) A division or disbursement of property or a distributive award
>
> made under this section is not subject to future modification by the court
>
> except upon the express written consent or agreement to the modification
>
> by both spouses.

7.

At the time the trial court entered judgment, the Ohio Supreme Court had not yet addressed the interplay between R.C. 3105.171(I) and Civ.R. 60(B). Since that time, however, the Court decided *Walsh v. Walsh,* 157 Ohio St.3d 322, 2019-Ohio-3723, 136 N.E.3d 460.[3]

{¶ 14} In *Walsh,* the parties intended, as a term of the divorce decree, that the wife receive direct payment from the government, as her portion of her husband's military pension. However, the rules governing military pensions required a marriage lasting at least 10 years before the military could issue direct payment to the service-member's spouse. *Walsh* at ¶ 8, citing 10 U.S.C. 1408(d)(2). The parties married in 1994 and separated after six years, but more than 13 years passed before the divorce filing. *Walsh* at ¶ 2. Based on the time the couple lived together as husband and wife, the decree recited a 6-year marriage, as permitted under R.C. 3105.171(A)(2)(b). *Id.* at ¶ 3.

{¶ 15} More than a year passed, and the wife learned that direct payments were not possible based on the recitation of a 6-year marriage in the decree. She filed a motion for relief from the judgment pursuant to Civ.R. 60(B)(4) and (5), and the trial court modified the decree to recite a 10-year marriage term over the husband's objection. *Id.* at ¶ 12. The husband appealed the trial court's modification, and the judgment was

---

[3] As the parties had fully briefed the matter prior to the Ohio Supreme Court's decision in *Walsh*, we granted them leave to file supplemental briefs to address this new authority. Appellant filed her supplemental brief on January 21, 2020, and appellee filed his supplemental brief on January 29, 2020.

8.

affirmed in a split decision, with one judge conferring in judgment only, and the third judge dissenting. *Id.* at ¶ 13 - 15. The Supreme Court accepted the husband's discretionary appeal. *Id.* at ¶ 15.

{¶ 16} In reversing that judgment, the Ohio Supreme Court noted the following:

> The change to the decree ordered by the domestic-relations court is best understood as a modification to a property division. The provisions of the decree at issue divided the pension by specifying the dates of the marriage. By changing the marriage length, the trial court modified the terms of the divorce decree with respect to a division of property. The parties did not both consent to that modification to the property division, so by the plain language of R.C. 3105.171(I), the court had no authority to order the change. *Walsh* at ¶ 20.

{¶ 17} Acknowledging the decision in *Morris,* the Court recognized that the statutory provision limiting modification "is a rule of substantive law" and the procedural rule, Civ.R. 60(B), "'cannot abridge, enlarge, or modify any substantive right' created by statute." *Walsh* at ¶ 22, quoting *Morris* at ¶ 30, quoting Ohio Constitution, Article IV, Section 5(B). "Though *Morris* dealt with spousal support rather than a property distribution, the same principle apples: Civ.R. 60(B) cannot be used to alter the statutory requirements for the modification of a decree. Because R.C. 3105.171(I) does not permit modification absent the consent of both parties, Civ.R. 60(B) cannot provide a workaround." *Walsh* at ¶ 23.

9.

{¶ 18} Clearly, in this case, the trial court modified the consent decree without the consent of both parties. Similar to the court in *Walsh,* the trial court changed the consent decree in order to alter the manner of payment to appellee, striking the impossible lump sum from OPERS in favor of a cash payment by appellant to appellee, within 6 months. While acknowledging the lack of consent, appellee argues that R.C. 3105.89 provides an exception to the consent requirement under R.C. 3105.171(I).

{¶ 19} R.C. 3105.89 provides, "Notwithstanding division (I) of section 3105.171 of the Revised Code: (A) The court shall retain jurisdiction to modify, supervise, or enforce the implementation of an order described in section 3105.81 of the Revised Code." R.C. 3105.89(A). Appellee argues that, because the trial court's modification pertained to implementing the distribution from appellant's OPERS account, R.C. 3105.89(A) applied, and the trial court acted within its authority to enforce the intent of the parties.

{¶ 20} We find this argument unpersuasive. R.C. 3105.89 provides a trial court with "continuing jurisdiction over division of property orders *involving public retirement programs.*" *Enty v. Enty,* 8th Dist. Cuyahoga No. 104167, 2017-Ohio-4177, ¶ 9, quoting *Hines v. Hines,* 3d Dist. Marion No. 9-10-15, 2010-Ohio-4807, ¶ 11 (Emphasis added.). An order under R.C. 3105.81 governs a "benefit or lump sum payment * * * *from a public retirement program* to an alternate payee," requiring a specific form created under R.C. 3105.90 by the state retirement system.

{¶ 21} Continuing jurisdiction over pension disbursements under R.C. 3105.89 is separate from the property division order under R.C. 3105.171. *See e.g. Walsh* at ¶ 27

10.

("Nothing in the provision that gave the court continuing jurisdiction over the QDRO authorized it to alter the final decree of divorce."). Significantly, the trial court in this case struck the OPERS payment from the consent decree entirely, and substituted a non-pension, cash payment in its place. As in *Walsh,* while the trial court attempted to reach the intended result of the property division order – in this case a lump sum payment to appellee – the payment ordered by the trial court modified the consent decree, with no facts that permit a finding that the trial court exercised continuing jurisdiction over a pension plan.

{¶ 22} The trial court's modification, in this case, did not fall within the exception under R.C. 3105.89, and the parties clearly did not consent as required by R.C. 3105.171(I). As Civ.R. 60(B) may not be used to bypass the consent requirement of the statute, we find appellant's first assignment of error well-taken.

### B.  Civ.R. 60(B) Determination

{¶ 23} While we agree with appellant that the trial court lacked jurisdiction to *modify* the consent decree, we must also consider appellant's argument that the trial court lacked jurisdiction to consider a Civ.R. 60(B)(1) motion at all. Appellant argues that a trial court in a domestic relations action could never consider a timely Civ.R. 60(B)(1) motion without a reservation of jurisdiction in the decree.

{¶ 24} There is nothing within Civ.R. 60(B) that precludes a motion for relief from judgment in a domestic relations proceeding. *See* Civ.R. 60(B); *Whitman,* 81 Ohio St.3d at 242, 690 N.E.2d 535. In instances in which material mistake occurred, the "lack of mutuality undermines the integrity" of the proceeding, "and may constitute sufficient

11.

grounds to set aside the decree under Civ.R. 60(B)." *Whitman* at 241, citing *In re Murphy,* 10 Ohio App.3d 134, 461 N.E.2d 910 (1st Dist.1983) (additional citations omitted.)

{¶ 25} In Ohio, divorce is "a creature of state statute." *Barth v. Barth,* 113 Ohio St.3d 27, 2007-Ohio-973, 862 N.E.2d 496, ¶ 9, citing *Coleman v. Coleman,* 32 Ohio St.2d 155, 159, 291 N.E.2d 530 (1972); s*ee also Soyk v. Soyk,* 45 Ohio App.2d 319, 321, 345 N.E.2d 461 (9th Dist.1975) ("Actions for divorce * * * are purely statutory in nature."). As stated in *Walsh,* a substantive statutory provision controls over a procedural rule, and where the statute requires consent to modify the property order, a party may not bypass that provision with a Civ.R. 60(B) motion. The Court in *Walsh,* however, did not preclude the use of Civ.R. 60(B) in domestic relations cases, nor address other types of relief available under the Rule.

{¶ 26} The statute applicable to property division, R.C. 3105.171, contains no provision requiring reservation of jurisdiction to consider Civ.R. 60(B)(1) relief.

{¶ 27} In *Morris,* the Supreme Court considered the limitations to Civ.R. 60(B) relief for spousal support payments, considering the requirements under R.C. 3105.18. *Morris,* 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664 at ¶ 2. The Court specifically addressed whether vacating the order for spousal support constituted a modification, noting:

{¶ 28} In the realm of domestic-relations law, 'modification order' has a particular meaning:

12.

[a] post-divorce order that changes the terms of child support, custody, visitation, or alimony. A modification order may be agreed to by the parties or may be ordered by the court. The party wishing to modify an existing order must show a material change in circumstances from the time when the order sought to be modified was entered. *Morris* at ¶ 53, quoting *Black's Law Dictionary,*1157 (10th Ed.2014).

{¶ 29} Considering the prospective, ongoing nature of spousal support, child support, custody and visitation, an order vacating future payments or future rights to custody or visitation unquestionably modifies such orders. *See Morris* at ¶ 53 (as to spousal support, "any action taken to change the nature, amount, terms of payment, and duration of spousal support, including vacating the award" is a modification under R.C. 3105.18(E)). In contrast, an order for division of property, under R.C. 3105.171, concerns the present, one-time allocation of marital property to achieve an equitable division.

{¶ 30} R.C. 3105.171 is silent regarding a reservation of jurisdiction, with an exception provided in a separate section for future modification for an order related to a pension. R.C. 3105.89. Moreover, in *Whitman,* the Supreme Court specifically addressed motions brought under Civ.R. 60(B)(1), (2) and (3), as "an appropriate procedural vehicle for requesting relief," including vacation of the decree, as a limitation that "provides

permanency to any [decree] that has remained unchallenged for one year." *Whitman,* 81

Ohio St.3d at 245, 690 N.E.2d 535. While the *Whitman* decision did reference a

reservation of jurisdiction, the statute has since been amended.

{¶ 31} The Supreme Court in *Walsh* noted the *Whitman* decision and its reliance

on a subsequently amended statute as follows:

> In *Whitman*, we held that a court, pursuant to Civ.R. 60(B)(1), (2),
>
> and (3), could make postdecree modifications to a property division when
>
> the parties had incorporated a provision in the decree allowing for future
>
> modifications by court order. *Whitman* was decided prior to the amendment
>
> of R.C. 3105.171(I) in 2010 by Am.Sub.H.B. No. 238 that added its current
>
> final phrase regarding "express written consent or agreement *to the*
>
> *modification* by both spouses." (Emphasis added.) Because the issue is not
>
> before us, we express no opinion today as to whether a reservation of
>
> jurisdiction would be a sufficient basis to allow a court to modify a
>
> property division via Civ.R. 60(B)(1), (2), or (3) under the current statutory
>
> scheme. *Walsh,* 157 Ohio St.2d 322, 2019-Ohio-3723, 136 N.E.3d 460 at ¶
>
> 28, fn 3.

{¶ 32} The Court in *Walsh* noted, without deciding, the issue of whether

"reservation of jurisdiction" language satisfied the consent requirement of R.C.

3105.171(I), permitting modification. Our case presents a wholly separate issue, whether

a court may grant relief other than modification, including vacation of the property order

or the decree. We find no prohibition, within the statute, to a court's vacation of the

14.

entire property order or the decree, as appropriate under Civ.R. 60(B)(1), (2), or (3). Appellee requested the trial court vacate the property division order in its entirety as alternative relief in his motion, so that the parties might return to the bargaining table or proceed to trial on the issue of property division.

{¶ 33} Construing the language of R.C. 3105.171, we find no support for appellant's argument that the trial court lacked jurisdiction to consider relief other than modification to the existing property order, barring a Civ.R. 60(B)(1) motion in even the most egregious cases. In other words, appellant argues that a trial court will never have authority to set aside – upon a timely motion – an agreed entry that resulted from mutual mistake regarding a material term, unless all parties consent. Where, as in this case, a party demonstrates facts that challenge the very formation of a consent decree, a motion for relief under Civ.R. 60(B)(1) is appropriate. *Whitman,* 81 Ohio St.3d at 241, 690 N.E.2d 535 (without mutuality, "there was no agreement upon which [the decree] could have been based."). We therefore conclude that the trial court did have jurisdiction to consider appellee's Civ.R. 60(B)(1) motion, even if the remedy of modification was improperly ordered.

{¶ 34} In order to prevail on a motion for relief, "[t]he moving party must demonstrate that he or she (1) has a meritorious defense or claim to present if the relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after the judgment." *Whitman* at 242, citing *GTE Automatic Elec., Inc. v. ARC* 15.

*Industries, In*c., 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. We review a determination under Civ.R. 60(B) for an abuse of discretion. *Id.*, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶ 35} An "abuse of discretion" requires a finding of more than an error of judgment, and implies the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Appellant challenges the grant of relief as an abuse of discretion considering all three prongs of the *GTE* test, arguing no meritorious defense, no mistake, and an untimely motion.

{¶ 36} Appellant first argues that the trial court erred in finding a meritorious defense in support of appellee's motion for relief from judgment. The trial court found that the parties had intended to reach an equal division of marital property, which included the immediate, lump sum payment to appellee. Such a claim, where supported by the record, is sufficient to demonstrate a meritorious defense or claim. *See e.g. Souders v. Souders,* 6th Dist. Sandusky No. S-98-017, 1998 WL 735336 (Oct. 23, 1998) (where parties entered into consent agreement, 60(B) relief appropriate where judgment resulted in inequitable division of property and wife argued fraud, duress, or undue influence).

{¶ 37} The record demonstrates the parties contemplated a present payment of $110,000 to appellee, as a material term in the agreement for equal division of marital property. As to the 90-day language, excised from the consent entry, appellant's counsel indicated "that it was going to be within 90 days, but we understand this is not a quick process." Appellant, moreover, acknowledged at hearing that she was to make a payment

16.

to appellee as part of the property settlement. Considering the record, the trial court's finding was not unreasonable, arbitrary, or unconscionable, and appellant has failed to demonstrate any abuse of discretion.

{¶ 38} Appellant next argues that there was no mistake, because the consent judgment contained no language of an immediate, lump sum payment, and trial counsel's failure to include such "essential terms" may not serve as the basis for appellee's claim of mutual mistake. While the consent entry originally recited payment within 90 days, with that language crossed out, the trial court placed the agreement on the record at the time it accepted the consent decree, with counsel for each party testifying as to the terms. The trial court also heard the testimony of the parties and appellee's counsel at the evidence hearing on appellee's motion seeking relief.

{¶ 39} As to the consent decree, appellant's counsel explained, on the record, the elimination of the 90-day language, indicating the process to release the funds could take longer. At the hearing on appellee's motion for relief from judgment, both parties acknowledged that they contemplated a lump sum payment as a term of the property settlement. Furthermore, while appellant received contrary advice prior to the settlement conference regarding disbursements from her OPERS account, she either relied on the expert retained for the settlement conference, or knew that appellee relied on that expert in agreeing to the settlement, and chose to remain silent and reap the benefit from his misunderstanding of the facts. Based on these facts, we find no abuse of discretion regarding the trial court's finding of mistake.

17.

{¶ 40} Finally, appellant argues that appellee failed to file a timely motion. The record clearly demonstrates that appellee filed his motion within the one-year limitation of Civ.R.60(B)(1). To be timely, however, the motion must also be filed within a reasonable time, considering the facts of the case. *McBroom v. McBroom,* 6th Dist. Lucas No. L-03-1027, 2003-Ohio-5198, ¶ 33-34.

{¶ 41} Here, appellant argues that nine months is an unreasonable amount of time for appellee to neglect his rights, because the information pertaining to the OPERS account was readily available on the date the parties entered the settlement and filed the consent judgment. This argument, however, requires a finding that there was no mistake regarding the possibility of obtaining a lump sum payment from appellant's OPERS account.

{¶ 42} The trial court determined either mutual or unilateral mistake existed at the time the parties entered into the consent decree, entitling appellee to relief from the judgment as it pertained to the property distribution. Based on the record, there appears no undue delay between the time appellee discovered the impossibility of a lump sum disbursement and the time appellee filed his motion seeking relief from judgment. Based on the facts, we find no abuse of discretion in the trial court's determination of a timely motion. We therefore find appellant's second assignment of error not well-taken.

### C. Disbursement Ordered

{¶ 43} In her third assignment of error, appellant challenges the timing of disbursement ordered as remedy by the trial court based on modification to the property

18.

distribution. Because we determined the trial court lacked authority to modify the order without consent of the parties, we must necessarily find the modified terms improper. Accordingly, appellant's third assignment of error is well-taken.

### III. Conclusion

{¶ 44} For the forgoing reasons, we affirm, in part, the judgment of the Erie County Court of Common Pleas as to appellee's entitlement to relief from judgment pursuant to Civ.R. 60(B). The trial court did not err in finding a material mistake, undermining the integrity of the parties' agreement as to division of property under R.C. 3105.171. However, because the trial court had no authority to modify the existing property order without consent, we reverse, in part, and remand the matter for further proceedings pursuant to Civ.R. 60(B)(1), and direct the trial court to consider a remedy permitted under R.C. 3105.171. The parties shall split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.
_____
JUDGE

Thomas J. Osowik, J.
_____
JUDGE

Gene A. Zmuda, P.J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.