[Cite as *Wiseman v. Wiseman*, 2022-Ohio-3689.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |
|---|---|---|
| JAMES THOMAS WISEMAN, | : | |
| Appellant, | : | CASE NO. CA2022-03-004 |
| | : | O P I N I O N |
| - vs - | | 10/17/2022 |
| | : | |
| DONNA LYNNE WISEMAN, | : | |
| Appellee. | : | |

APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DRD20180237

J. Michael Murray, for appellant.

Grossman Law Offices, and John H. Cousins IV, for appellee.

**PIPER, J.**

{¶1} James Wiseman appeals from the trial court's judgment overruling his objections to a magistrate's decision and overruling his Civ.R. 60(B) motion to vacate a dissolution decree containing the separation agreement that he entered with appellee, Donna Wiseman. James contends that the trial court abused its discretion by denying relief based on Donna's alleged failure to disclose the existence of her retirement pension while

negotiating the separation agreement.[1]  Finding no error, we affirm the decision of the trial court.

### I. Facts and Procedural History

{¶2}    James and Donna were married in 1983.  In December 2018, after 36 years of marriage, they filed a petition for dissolution.  Included in their petition for dissolution was a separation agreement, dated November 19, 2018, dividing all their property.  The preamble to the agreement pertinently states that "[e]ach pa[r]ty attests":

> 1. That prior to the execution of this Agreement, he or she has fully disclosed and revealed to the other the identification, fair market value (or information from which fair market value can be calculated or determined), and location of all separate and marital assets and liabilities;
>
> 2. That this full disclosure is a material consideration of this Agreement;
>
> 3. That in reliance upon this full disclosure, each of the parties knowingly and voluntarily waives his or her right to discovery available in a divorce action* * *.

In essence, James and Donna affirmed that they had fully disclosed to each other all their property.  With respect to their financial assets, they generally agreed that joint accounts would be divided evenly and that each would keep his or her separate accounts (bank accounts, IRA accounts, securities and brokerage accounts).  Each also kept his or her employment benefits.  For Donna's benefits, they agreed:

> Except as otherwise provided herein, [Donna] shall be entitled to her pension, profit sharing 401K plans, any other type of deferred compensation plans, stock purchase plans, and any other type of employment benefit that she may have by reason of her present or past employment, free and clear of any claim of [James].

Another paragraph uses the same substantive language for James's employment benefits

---

1. For clarity, we will refer to the parties by their first names.

with some appropriate differences. Also included in the petition for dissolution was an Affidavit of Property filed by Donna. Listed under the section for pensions and retirement plans is "401k and UPS Savings Plan." Attached to the affidavit was a property list that Donna had prepared, "James and Donna Wiseman's Property Listing," dated April 13, 2018, which also lists, among other items, a "401K and Savings Plan." James did not file a property affidavit of his own.

{¶3} On January 24, 2019, the trial court entered a decree of dissolution. The court approved the separation agreement and specifically incorporated it into the decree: "The parties have represented to the Court and the Court so finds that the property settlement herein constitutes a division of all marital property and debt that is fair and equitable, and the parties waive specific findings of fact in connection therewith, and waive any listing of assets and values * * *."

{¶4} Soon after the divorce, Donna retired from UPS, where she had worked for three decades—most of the marriage—and she began drawing a pension from the company. In January 2020, James filed a motion for relief from judgment under Civ.R. 60(B)(3) claiming that Donna had engaged in fraud or misrepresentation by failing to disclose the pension. A magistrate held a hearing on the motion at which James and Donna testified. James testified that he did not know she had the pension. He conceded that he had read the separation agreement, including the provision that Donna would retain her pension, but thought they were just trying to "cover her bases." James contended that Donna had failed to disclose the pension three different times: in her property affidavit; in the property list attached to the affidavit, and in an earlier property list, dated April 2, 2018. The earlier property list had been prepared by Donna and does not list any financial assets.

{¶5} For her part, Donna maintained that James knew about the UPS pension. She testified that on one occasion he had asked her the value of her pension. Also, Donna

said that when they first discussed dissolution and how they would divide their property, she told him that she wanted her "UPS investments" and he had agreed. Finally, Donna said that James had sometimes joked with her sister about keeping her (Donna) around only for her pension. Donna testified that she did not intend any deceit by not including the pension in her affidavit or on the property lists nor was she trying to misrepresent anything. She simply did not know how to value the pension or whether it should be included.

{¶6} On September 28, 2021, the magistrate entered a decision overruling James's motion for relief from the dissolution decree. The magistrate found that Donna's pension was plainly a subject of the separation agreement. He determined that Donna was more credible on the matter and that James was aware of the pension during the marriage. James filed objections to the magistrate's decision with the trial court. The trial court agreed with the magistrate's credibility determination and overruled the objections, adopting the magistrate's decision.

{¶7} James appealed.

## II. Analysis

{¶8} James assigns two errors. The first challenges the denial of his Civ.R. 60(B) motion, and the second challenges the trial court's review of the magistrate's decision.

## A. Civ.R. 60(B) motion

{¶9} Assignment of Error No. 1:

{¶10} "The Magistrate erred as a matter of law in overruling Appellant's 60(B) Motion."[2]

{¶11} James argues in the first assignment of error that he should have been granted relief from the dissolution decree under Civ.R. 60(B)(3). He contends that Donna

---

2. It was the trial court that overruled James's motion. The magistrate's decision had no effect until the court adopted it. Civ.R. 53(D)(4)(a). So we understand this assignment of error as directed at the trial court.

- 4 -

failed to disclose her UPS pension such that he was fraudulently induced into signing the separation agreement.

{¶12} To prevail on a Civ.R. 60(B) motion, a party must establish: (1) a meritorious claim or defense to present if the court grants relief; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that the motion was filed within a reasonable time and, when relying on Civ.R. 60(B)(1), (2), or (3), that it was filed not more than one year after the judgment was entered. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Whether to grant relief under Civ.R. 60(B) is left in the trial court's sound discretion, and we will not disturb the court's ruling absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶13} Civ.R. 60(B)(3) provides that a court may grant a party relief from a final judgment based on "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." "[F]raud or material mistake can invalidate a separation agreement and entitle a party to relief from a dissolution decree under Civ.R. 60(B)." *Quesinberry v. Quesinberry*, 2d Dist. Montgomery No. 29192, 2022-Ohio-635, ¶ 21. "A decree of dissolution is founded on an agreement of the parties." *Nardecchia v. Nardecchia*, 155 Ohio App.3d 40, 2003-Ohio-5410, ¶ 13 (2d Dist.). "Where a material mistake vitiates the existence of consent or mutuality, then no true agreement exists on which to base a dissolution decree." *Quesinberry* at ¶ 23, citing *id*.

{¶14} Here, James maintains that he did not know about Donna's UPS pension when he entered into the separation agreement. He testified that, while he knew that she worked for UPS, he did not know Donna had a pension with the company or had been paying into a pension. He said that he did not remember joking about the pension with Donna's sister. James asserted that Donna had three opportunities to disclose her pension but failed to do so—in her property affidavit and on two property lists—and that, when

signing the separation agreement, he relied on those documents. When asked about the provision of the separation agreement that awarded Donna "her pension," James admitted reading that provision but said that he "didn't know [Donna] had one." He "just thought they were covering all her bases."

{¶15} Donna responds with incredulity, indicating that James knew about the pension. She testified that, in late 2018, he asked her, "'How much is your pension?'" To which she responded that she did not know. Donna further testified that when they first discussed a dissolution, she referred to her UPS benefits, saying: "'You can have the house, you can have the barns, you can have the properties, you can have the rentals,' and I said, 'and I'll take my UPS investments.' And he looked at me and he said, 'Oh, okay, that sounds good.'" Donna also said that James had joked with her sister about the pension: "My sister is self-employed and so is Jim. And my sister is married to her husband. He works at Honda. He has a pension. * * * And they would joke with each other about we're only keeping them around for their pension." Donna testified that she did not intend to deceive anyone by not including the pension in her property affidavit and that she was not trying to misrepresent anything. She explained that she was trying to avoid a misrepresentation, because she did not know how to value the pension.

{¶16} While James testified at one point that he did not know Donna had a pension, his testimony focused mostly on the fact that the pension was not disclosed in Donna's property affidavit or property lists. His argument in the trial court and on appeal is that he did not know about the UPS pension because Donna had failed to disclose it in those particular documents. The fact that the pension is not listed in those particular documents does not mean that Donna did not tell James about the pension during their pre-dissolution discussions. Nor does it mean that he had never learned of it during the 30 years of their marriage.

{¶17} As the trial court noted, whether James is entitled to relief from judgment turns on whether he knew about Donna's UPS pension when he entered the separation agreement. James says that he did not know; Donna says that he did. The magistrate determined that Donna was more credible on the issue. The trial court similarly found that James knew about the pension. Therefore, the court held that he was not entitled to the requested relief. This decision is eminently reasonable.

{¶18} There is no evidence that Donna engaged in fraud, wrongful misrepresentation, or any other misconduct. The only real evidence supporting James's claim is his bare statement at the hearing that he did not know about the pension. He did not persuade the court of his claim. On the other hand, there is a good deal of evidence suggesting that James knew about the pension. Donna began working at UPS in 1987, around four years after she and James were married. It is incredulous that in 30 years of work and marriage, James remained entirely unaware that Donna would receive a pension when she retired. Indeed, at the hearing, Donna recalled three specific instances in which James was aware of the pension. Moreover, the separation agreement plainly states that Donna gets "her pension" "free and clear." This is not the case of a fraud, misrepresentation, or misconduct that undermines the validity of the separation agreement.

{¶19} The first assignment of error is overruled.

### B. Independent review of the magistrate's decision

{¶20} Assignment of Error No. 2:

{¶21} "The trial court abused its discretion by adopting the Magistrate's Decision."

{¶22} James next argues that the trial court improperly determined that the magistrate appropriately applied the law. He contends that the court failed to independently review the record before adopting the magistrate's decision.

{¶23} "A trial court abuses its discretion when it fails to conduct an independent

review in accordance with Civ.R. 53." (Citation omitted.) *Mattis v. Mattis*, 10th Dist. Franklin No. 15AP-446, 2016-Ohio-1084, ¶ 11. "This court presumes the trial court performed an independent review of the magistrate's decision." (Citation omitted.) *Georgin v. Georgin*, 12th Dist. Warren No. CA2021-09-088, 2022-Ohio-1548, ¶ 12. The presumption endures "unless the appellant 'affirmatively demonstrates' otherwise." *Id.*, quoting *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 93.

{¶24} The trial court, in its written decision, referred to the correct standard of review, stating that Civ.R. 53 required it to undertake an independent review regarding the matters objected to in order to ascertain whether the magistrate properly determined the factual issues and appropriately applied the law. And the court stated a couple of times that it had independently examined the transcript of the hearing and the evidence presented. After stating that it had independently reviewed the evidence, the trial court said that it could not "find that the Magistrate improperly determined the factual issues or failed to appropriately apply the law." "[T]he Magistrate," said the court, "was in the best position to judge the credibility of the witnesses and the credibility of the witnesses as to the existence or knowledge of the pension is critically important in determining the outcome of Mr. Wiseman's motion for relief." The court found no evidentiary basis for concluding that the magistrate was wrong in determining credibility.

{¶25} Although the trial court repeatedly said that it was conducting an independent review, its language does suggest some deference to the magistrate. The court's review in places seems to ask whether the magistrate's decision is supported by the record rather than to be a complete de novo review of the matter. But a close reading shows that the only deference paid was to the magistrate's credibility determination. And "[a]lthough a trial court is required to independently review the record and make its own factual and legal findings, the trial court may rely on the magistrate's credibility determinations." *Gilleo v.*

*Gilleo*, 3d Dist. Mercer No. 10-10-07, 2010-Ohio-5191, ¶ 47. The trial court found no reason in the record to dispute the magistrate's credibility determination. Considering Donna's testimony to be more credible, the court independently found that James knew about Donna's UPS pension and independently concluded that, therefore, he is not entitled to relief from judgment. Looking at the trial court's decision in its entirety, we conclude that the court conducted a proper independent review.

{¶26} The second assignment of error is overruled.

### III. Conclusion

{¶27} We overrule both assignments of error and hereby affirm the trial court's judgment.

M. POWELL, P.J., and S. POWELL, J., concur.