[Cite as *Kelly v. Kelly*, 2024-Ohio-124.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| TIFFANY S. KELLY, | : | |
| Appellee, | : | CASE NO. CA2023-06-038 |
| | : | O P I N I O N |
| - vs - | : | 1/16/2024 |
| | : | |
| JEFFERY S. KELLY, | : | |
| Appellant. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2021 DRD 01473

Nicholas A. Kulik, for appellee.

Andrew G. Ice, for appellant.

**M. POWELL, J.**

{¶ 1}  Jeffrey Kelly ("Husband") appeals the judgment of the Clermont County Court of Common Pleas, Domestic Relations Division, denying his Civ.R. 60(B) motion to set aside the trial court's January 28, 2022 decree of dissolution.  For the reasons set out below, we affirm the trial court's decision.

{¶ 2} Husband and Tiffany Kelly ("Wife") were married on October 4, 2014. On November 30, 2021, the parties filed a petition for dissolution of their marriage. The petition was accompanied by a separation agreement. The separation agreement reflected that the only real property owned by the parties was an undeveloped parcel of land known as "Hannah Farm." The separation agreement provided, "If at any point the undeveloped land is sold, [Husband] maintains rights to 50% of the profits made."

{¶ 3} A hearing was held on January 28, 2022 before a magistrate. Neither party was represented by counsel. During the hearing, the parties acknowledged that they voluntarily entered into the separation agreement, were satisfied with its terms, and wished to have their marriage dissolved. The court approved the parties' separation agreement and dissolved their marriage.

{¶ 4} On April 4, 2022, Wife filed a petition for a civil domestic violence protection order ("DVCPO") pursuant to R.C. 3113.31. That motion is not part of the record in this case, but the parties agree the motion alleged Husband suffered a stroke in the summer of 2020 which "affected his decision-making skills, modesty, and ability to regulate emotions."

{¶ 5} On January 23, 2023, Husband filed a motion pursuant to Civ.R. 60(B)(3) and (5) to set aside the decree of dissolution approving the parties' separation agreement. The motion focused in significant part on Hannah Farms and observed, "The separation agreement awards Husband equity in the property only if the property is sold." Husband asserted in the motion that he lacked the capacity to enter into the separation agreement due to the stroke he suffered in 2020 as well as kidney failure. Citing Wife's motion for a DVCPO, Husband argued Wife knew he had no capacity to enter into the separation agreement.

{¶ 6} On May 16, 2023, the trial court denied Husband's motion without a hearing.

In its entry, the trial court outlined several reasons for doing so: (1) there was no evidence Husband was subject to a conservator or guardian or that he was institutionalized on the date of the final hearing or thereafter; (2) the separation agreement reflected an acknowledgment by both parties that they had voluntarily entered into the agreement; (3) the separation agreement was signed before a notary public; (4) the audio recording of the final hearing of January 28, 2022 reflected that Husband was "clearly understandable and articulate;" and (5) both parties agreed that they had read and understood the separation agreement and that the agreement was complete, fair, and equitable.

**{¶ 7}** Husband now appeals and raises a single assignment of error for our review:

> **THE TRIAL COURT ERRED AND ACTED CONTRARY TO LAW WHEN THE TRIAL COURT DISMISSED THE PLAINTIFF - APPELLANT'S CIVIL RULE 60(B) MOTION WITHOUT AN EVIDENTIARY HEARING.**

**{¶ 8}** On appeal, Husband argues the trial court erred by overruling his Civ.R. 60(B) motion for relief from judgment without a hearing. Specifically, he contends that his motion satisfied the necessary requirements as it was filed within one year of the decree of dissolution, that he is entitled to relief on the basis of fraud, and that he has a meritorious claim or defense because Wife confirmed in her petition for a DVCPO that he lacked capacity to enter into the separation agreement due to his health problems. Husband further complains that this division of Hannah Farm "provided no vehicle for him to recoup his share of the marital property absent a sale of the property."

**{¶ 9}** Civ.R. 60(B) provides that the court may relieve a moving party from the terms of a final judgment in various instances, including fraud or "any other reason justifying relief from the judgment." However, such a motion must be made "within a reasonable time," and "not more than one year after the judgment, order or proceeding was entered or taken" in instances of alleged fraud. Stated differently, Ohio courts have

- 3 -

observed that movants must demonstrate "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) * * * and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-51 (1976).

{¶ 10} Appellate courts will not disturb a trial court's Civ.R. 60(B) determination unless an abuse of discretion occurred. *Wiseman v. Wiseman*, 12th Dist. Madison No. CA2022-03-004, 2022-Ohio-3689, ¶ 12. A trial court abuses its discretion when it acts "unreasonably, arbitrarily, or unconscionably." *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 17, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} Ohio courts have long observed that Civ.R. 60(B) movants are not automatically entitled to a hearing. *Id.* at ¶ 28, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103 (8th Dist.1974). Importantly, "[t]he movant has the burden of proof [and] he must present sufficient factual information to warrant a hearing on the motion." *Adomeit*, 39 Ohio App.2d at 103. Only where the movant has sufficiently alleged facts which justify relief under Civil Rule 60(B) will the court "grant a hearing to take evidence and verify these facts before it rules on the motion." *Id.* at 105. The Ohio Supreme Court has observed that while there is no requirement to submit evidentiary materials with a Civ.R. 60(B) motion, "the movant must do more than make bare allegations that he or she is entitled to relief." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). As a result, movants may choose to submit evidence to persuade the court that a hearing is necessary. *Id.*

{¶ 12} The trial court did not abuse its discretion by denying Husband's motion for relief from judgment without an evidentiary hearing for multiple reasons. First, Husband

- 4 -

failed to sufficiently support his claim of lack of capacity. Husband's conclusory statements as to his capacity are self-serving and otherwise not supported by the record. While Wife stated that Husband's stroke "affected his decision-making skills" such a statement does not suggest husband lacked the capacity to enter into contracts. With no factual support or evidence, Wife and Husband's statements in their legal filings as to Husband's capacities are simply bare, unsubstantiated allegations.

{¶ 13} Further, Husband's claim that he lacked capacity to enter into the separation agreement is contradicted by the record; Husband repeatedly, and clearly, acknowledged in writing and in person his understanding of the terms of the separation agreement and stated his belief that the terms were fair.

{¶ 14} There are also statutory concerns with Husband's motion. The parties' dissolution is governed by R.C. Chapter 3105. The Ohio Supreme Court has observed that when parties agree upon a separation agreement and it is incorporated with a decree of dissolution, "[t]he separation agreement then becomes 'a binding contract between the parties.'" *Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, ¶ 18, quoting *In re Adams*, 45 Ohio St.3d 219, 220 (1989). Under R.C. 3105.65(B), "[t]he court may modify the division of property provided in the separation agreement [incorporated into a decree of dissolution] only upon the express written consent or agreement of both spouses."

{¶ 15} The Ohio Supreme Court construed R.C. 3105.171(I), the divorce counterpart of R.C. 3105.65(B), which similarly provides that a property disbursement cannot be modified without the consent of both spouses. *See generally*, *Walsh v. Walsh*, 157 Ohio St.3d 322, 2019-Ohio-3723. The *Walsh* court held, "Civ.R. 60(B) cannot be used to alter the statutory requirements for the modification of a decree. Because R.C. 3105.171(I) [a substantive law] does not permit modification absent the consent of both

parties, Civ.R. 60(B) [a procedural law] cannot provide a workaround." *Id.* at 136. As a result, modification was not permitted using Civ.R. 60(B) in that case. *Id.*

{¶ 16} Nonetheless, fraud may serve as grounds to rescind the entirety of a separation agreement, as opposed to merely modifying an individual provision. *Wiseman*, 2022-Ohio-3689 at ¶ 13, citing *Quesinberry v. Quesinberry*, 2nd Dist. Montgomery No. 29192, 2022-Ohio-635, ¶ 21. A motion to rescind a separation agreement under Civ.R 60(B)(1)-(3) does not run afoul of the substantive law of R.C. 3105.65 because such a motion "challenge[s] the very formation of a consent decree" and argues no mutual assent occurred in the first place. *Ouellette v. Ouellette*, 6th Dist. Erie No. E-19-017, 2020-Ohio-705, ¶ 33; *see also*, *Id.*

{¶ 17} However, as stated above, Husband failed to present sufficient information to merit a hearing on his allegations of fraud, and the record is replete with facts that demonstrate, contrary to his assertions, that he understood and willingly entered into the separation agreement. Further, the only provision of the separation agreement that Husband's filings discuss is the allegedly inequitable division of interest in Hannah Farm. As a result, upon review, we conclude that despite asserting his desire to set aside the separation agreement, what Husband really seeks to do is modify the real property division provided in the separation agreement to provide him with a claim to the value of Hannah Farm should it not be sold or developed. Such modification is clearly prohibited under Ohio law without Wife's consent. Litigants cannot work around R.C. 3105.65(B)'s prohibition of modification of a separation agreement without spousal consent by merely claiming, without sufficient legal grounds and factual support, that they seek to rescind the agreement.

{¶ 18} In light of the foregoing, we find that Husband's motion was not only insufficient under Civil Rule 60(B), but it also runs afoul of Ohio's statutory law.

**{¶ 19}** We therefore overrule the single assignment of error.

**{¶ 20}** Judgment Affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.